PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* ALEJANDRO RODRÍGUEZ, Defendant and Appellee.

No. 5143. Argued June 7, 1933.—Decided June 16, 1933.

R. A. *Gómez, Fiscal,* and *T. Torres Pérez, Assistant Fiscal,* for appellant. *P. Baigés Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This prosecution was commenced by a complaint filed in the Municipal Court of Mayagüez, which reads as follows:

"I, Rafael Martínez Peña, residing at number 214, Ponce de León Ave., San Juan, P. R., of lawful age, file this complaint against Alejandro Rodríguez for the crime of embezzlement, committed in the following manner: That in May 1932, and at Mayagüez, P. R., in the municipal judicial district of Mayagüez, P. R., the said defendant Alejandro Rodríguez, unlawfully, wilfully, maliciously, and criminally, with the deliberate intent to defraud, as he did defraud, the general copartnership of Méndez López and Company, Successors, which is a mercantile firm organized under the commercial laws of Puerto Rico and of which firm complainant is general inspector, appropriated to himself and disposed of a set of furniture No. 388-6, valued at $75, which was entrusted by the said firm of Méndez López and Company to said defendant Alejandro Rodríguez, in his capacity as salesman and collector of said firm, and received by him in the course of his employment as agent, defendant having disposed of said furniture, its value or proceeds, and converted the same to his own use and benefit, thereby defrauding said mercantile firm of Méndez López and Company, Successors,

of said sum of $75, lawful currency of the U. S. A.; an act contrary to law.

"Witnesses: Francisco Díaz Bussó, No. 214, Ponce de León Ave., Stop 22, Santurce; Rafael Espino, No. 214, Ponce de León Ave., Stop 22, Santurce; Fernando Ortiz (chauffeur) No. 77, Post St., Interior; Felipe López, Res. in Santurce, P. R.

" (Sgd.) Rafael Martínez Peña, Complainant.—Sworn to before me this 17th day of Oct., 1932.— (Sgd.) F. Souffront, Clerk of the Municipal Court, Mayagüez."

Upon the defendant being convicted in the municipal court, he appealed to the district court and there occurred what is fully and clearly stated in the following decision:

"On March 2, 1933, the day set for the trial of this case, which is an appeal from the Municipal Court of Mayagüez, there appeared the People of Puerto Rico represented by Hon. José R. Gelpí, prosecuting attorney for this district, and the defendant personally and represented by one of his attorneys, Pedro Baigés Gómez, Esquire.

"After the complaint was read by the clerk of this Court, the defendant before entering any plea moved the Court to dismiss the prosecution because the same had not been instituted in accordance with the provisions of section 22 of the Code of Criminal Procedure in force, as amended by the act of March 12, 1903.

"The defendant based his motion on the grounds that, according to the allegations of the complaint, the party claimed to have been injured was a mercantile partnership called 'Méndez López and Company,' and the complaint was sworn to by Rafael Martínez Peña; that said Rafael Martínez Peña, the prosecutor, is not a member of said mercantile partnership and he has no participation or interest in the business thereof, he being an employee with a salary in charge of the general supervision of said partnership; that he has suffered no prejudice by reason of the facts charged against the defendant, and hence he is not the party injured, nor is he an officer with knowledge of the facts giving rise to this prosecution, nor did he arrest defendant; that although he is the person subscribing the oath to the complaint, he has no personal knowledge of the facts and all he knows is based upon information and belief, derived from an investigation that he performed. The defendant further urged that, as the person who swore to the complaint has not been injured, has no personal knowledge of the facts in this case, nor is an officer or authority having knowledge of the occurrence or by

whom the defendant was arrested, he has no legal capacity to swear to the complaint, and hence in this case there is no complaint, properly verified, which could serve as a basis for the prosecution begun in the Municipal Court of Mayagüez; that the accused opportunely raised this same question before the Municipal Court of Mayagüez.

"The parties, through their respective attorneys, have stipulated to admit as true the facts alleged in the above motion with respect to the status of the person who swore to the complaint, that is, the circumstances relating to the complaining witness, Rafael Martínez Peña. This Court approved said stipulation.

"The People of Puerto Rico, through the prosecuting attorney for this district, opposed the motion of the defendant on the ground that the complaining witness, Rafael Martínez Peña, has legal capacity to swear to the complaint, according to section 22 of the Code of Criminal Procedure in force.

"The Court, after hearing the arguments of both parties, took the case under advisement until this day.

"Section 22 of the Code of Criminal Procedure in force, as amended by the Act of March 12, 1903, in its English text, reads as follows:·

" 'Section 22.—All cases within the jurisdiction of the justice of the peace must begin by sworn complaint of the complaining witness, or of the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made.'

"The Court has examined and considered the cases of *People* v. *Nochera,* 23 P.R.R. 561; *People* v. *Maymón,* 24 P.R.R. 56; and *People* v. *Jiménez,* 31 P.R.R. 334, construing section 22 of the Code of Criminal Procedure in force, as amended by the Act of March 12, 1903, and although in none of those cases the question now raised has been settled, the Supreme Court of Puerto Rico, in the case of *People* v. *Nochera,* 23 P.R.R. 561, at page 563, has said:

" 'Before the said section was amended a complaint could be made only by the injured person and the amendment had no other purpose than to permit a complaint to be made by other persons such as the authority or officer having knowledge of the act or who had arrested the accused.'

"According to the decision in that case, the complaint in the instant case could only be sworn to by the complaining witness or by an authority or officer having knowledge of the act or who had arrested the accused. Not everybody in Puerto Rico can swear to a complaint in a municipal court or before a justice of the peace;

he must possess any one of the requisites prescribed by section 22 of the Code of Criminal Procedure in force, and Rafael Martínez Peña, the complainant in this case, has none of such requisites.

"The Court .is of the opinion that the prosecution in this case was not properly begun in the Municipal Court of Mayagüez, as the complainant had no legal capacity to swear to the complaint, and hence it sustains the motion of the defendant and orders the dismissal of the prosecution, with costs."

Feeling aggrieved by that decision, the prosecuting attorney took the present appeal. .

The applicable law is contained in section 22 of the Code of Criminal Procedure which, as originally drafted when the code was approved in 1902, reads as follows:

In English:

"Section 22.—Before a warrant shall issue in any case a complaint must be made by affidavit of the complaining witness, written by the justice of the peace or his secretary, clearly charging therein the offense committed, and such affidavit must be signed by said complaining witness."

And in Spanish:

"Artículo 22.—Antes de dictarse mandamiento de arresto en una causa, deberá presentarse denuncia mediante declaración jurada del querellante, que extenderá el juez o su secretario, especificando claramente el delito cometido, la cual declaración deberá firmar el querellante."

As amended in 1903, and now in force, the section reads—
In English:

"Section 22.—All cases within the jurisdiction of the justices of the peace must begin by sworn complaint of the complaining witness, or of the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made."

And in Spanish:

"Artículo 22.—Todo caso en que tenga jurisdicción el juez de paz, empezará por denuncia jurada del denunciante o de la autoridad o funcionario que tenga conocimiento del hecho, o que haya arrestado al acusado."

Who could be a "complaining witness," "*querellante*," in 1902, and who can qualify as a "complaining witness," "*denunciante*," since the amendment of 1903?

The amendment of 1903 did away with the provision that required the judge or his secretary to draw the complaint upon an affidavit of the "complaining witness," "*querellante*," and expressly provided that the cause could be begun by a sworn complaint of the authority or officer having personal knowledge of the deed or by whom the arrest of the defendant was made. As to the commencement of a prosecution by virtue of an affidavit of the "complaining witness," "*querellante*," "*denunciante*," only the Spanish text was changed. In 1902 the word "*querellante*" was used and in 1903 "*denunciante*," which words, although apparently alike in meaning have really a different signification.

"*Querellante*," according to the Dictionary of the Spanish Academy, is "one who complains," and "*querella*," according to the same authority, in its third acceptation which is the one applicable to the instant case, means "accusation made before a judge, against a person designated as accused of a crime for which the aggrieved party requests punishment."

"*Denunciante*" "is one who denounces" or "one who makes a charge." "*Denuncia*" "is the act and effect of denouncing. Information given verbally or in writing to the competent authority, of the commission of a crime or wrong (*falta*). The document in which such information appears." And "*denunciar*," in the sense pertinent to this case, means "to notify or give information to the authority of a wrong committed with or without the designation of the guilty party." The foregoing is also taken from the Dictionary of the Spanish Academy.

It may be seen, therefore, that the "*querellante*" is the injured party, which circumstance is not always present in the case of the "*denunciante*."

Let us examine the question raised in the light of our own jurisprudence. The district court held that only the injured person or the authority or officer having personal knowledge of the offense or who arrested the accused, could make the complaint. This ruling was based on the decision in the case of *People* v. *Nochera,* 23 P.R.R. 561. In that case this court, speaking through Mr. Justice Aldrey, said:

"Prior to the amendment of section 22 of the Code of Criminal Procedure, a complaint could be made only by the injured person, and the amendment of 1903 had no other purpose than to permit a complaint to be made by other persons, such as the authority or officer having knowledge of the fact or who had arrested the offender."

The district court would be entirely correct in invoking the authority of the *Nochera* case, *supra,* to sustain its decision, if this court had not said that "the amendment had no other purpose than to permit a complaint to be made by *other persons,* such as . . . " It may thus be seen that, in rendering its opinion this court had before it the Spanish text of the law and focused its attention on the difference in meaning between the words "*querellante*" and "*denunciante,*" respectively used in section 22 before and after the amendment. The court said *other persons, such as* the authority or officer having knowledge of the act or who had arrested the offender. This does not mean that such authority or officer would be the only other person. It was not decided directly whether besides the injured party any other person having knowledge of the act could make the complaint; but nothing to the contrary was decided either.

About three months subsequent to the *Nochera* case, *supra,* this court decided the case of *People* v. *Maymón,* 24 P.R.R. 56 and, speaking through Mr. Justice Aldrey, it expressed itself as follows:

"In the case of *People* v. *Nochera,* 23 P.R.R. 561, in disposing of the same question raised by the appellant as to the insufficiency of the complaint, we said that section 22 of the Code of Criminal Procedure does not require that the person who makes the complaint

shall state therein that he knows the facts of his own knowledge or upon information which he believes to be true or because he arrested the accused."  ·

And seven years later, in the case of *People* v. *Jiménez*, 31 P.R.R. 334, this court through Mr. Justice Wolf said:

"The second error attacks the capacity of Víctor P. Martínez to file the complaint. He was the husband of the creditor. There is a long series of cases in this court leading up to the conclusion that anyone, and especially one cognizant of the facts, may file a complaint. Appellant cites us to nothing that would cause us to change our minds in this regard."

Let us examine now the jurisprudence established on the continent. Corpus Juris summarizes it as follows:

"It is a rule of the common law of immemorial origin that, in the absence of statutory requirement to the contrary, complaints may be made by any person who legally can be a witness, and who has knowledge or information of any violation of the criminal law; but sometimes the authority to make complaints in particular cases is regulated by statute. Express statutory provision is not required to authorize unofficial persons to make a complaint before a magistrate. So an information may be signed and verified by the prosecuting attorney, provided he has personal knowledge of the commission of the crime, or by some other officer designated by statute to exercise that function, such as a grand juror. Where the statute designates who shall act in this regard, the person acting must have the lawful authority contemplated by the statute. But the mere fact that certain officers are authorized to make complaint does not necessarily give them the exclusive right to do so. The rule that one who is a competent witness and has knowledge of the facts may make complaint in a criminal case permits a wife to be the complaining witness against her husband. The affidavit of a convicted felon is valid, and confers jurisdiction to issue the warrant, where such person is not incompetent as a witness; and it seems to have been held valid even where he is not a competent witness." 16 C. J. 289, 290.

The notes to the text contain citations of the decisions from several states. We have examined some of them, and although they refer to cases having special features, they sustain the general doctrine announced, namely, that it is not

absolutely necessary for the complaining witness to be the injured party it being sufficient if he has knowledge of the act charged.

What knowledge? Although the parties have not adequately argued this point before this court, it is observed that in the facts alleged by the accused in the district court and admitted as true by the prosecuting attorney emphasis was laid not only upon the circumstance that the complainant was not the party injured by the crime charged, but also upon the fact that he had no personal knowledge of the acts giving rise to the prosecution.

What appears from the complaint itself is a direct accusation under oath, which binds the complainant. What the defendant expressly alleged and the district attorney admitted is, according to the statement of the case, as follows:

"That complainant Rafael Martínez Peña is not a member of the mercantile firm of 'Méndez López and Company' which is the party supposed to have been injured in this case, nor has he any interest or participation in the business of the same, he being a salaried employer and having charge of the general inspection of the business of said firm. That although he was the person who made the complaint he has no personal knowledge of the act and that what he knows is upon information and belief, derived from an investigation made."

Corpus Juris, summing up the law as to the knowledge that the complainant must have, says:

"In some jurisdictions the complaint or affidavit must state the facts on complainant's positive knowledge; where it states them upon hearsay or upon information and belief, a warrant cannot be issued, and if accused has been arrested he must be discharged. In several states an affidavit based on information and belief is sufficient to show probable cause, provided facts are stated showing the source of information and the grounds of belief. Even in jurisdictions where it is required that the complaint or affidavit shall state facts on complainant's positive knowledge, it has been held that, if accused voluntarily submits to a preliminary examination and is held on competent evidence supplementing an affidavit on information and

belief, he may be regarded as having waived that defect.'' *Id.*, vol. 16, pp. 292, 293.

As no statutory provision in Puerto Rico has been cited to us, nor do we know of any, requiring that the complainant must have personal knowledge, we think that a person such as the one who made the complaint in this case, who although not a member of the mercantile partnership that was defrauded, was its general inspector and knew of the facts from information he received, which he believed to be true, and which he acquired through an investigation he made for that purpose, has sufficient knowledge to make a complaint under oath. Said complaint can serve as the basis for a prosecution, especially when the witnesses of the case are named therein and may be examined by the judge to determine whether or not there is probable cause before issuing the warrant of arrest.

Having reached the above conclusions, we must reverse the order appealed from and remand the case to the district court for further proceedings according to law.